UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **TATALU HELEN DADA ET AL** | **CASE NO. 1:20-CV-00458 SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **DIANNE WITTE ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## JUDGMENT

After independent (*de novo*) review of the record, including the objections filed herein, the court adopts in part and denies in part the Report and Recommendation of the Magistrate Judge (Doc 17). In support of our decision, we offer the following observations and reasons.

Introduction

We first observe what this ruling is not. The advent and threat of COVID-19 has complicated life in ways virtually all of us never contemplated. The task of coping is daunting, even for those not in custody. The Report and Recommendation goes to great lengths to define the COVID-19 risks. Accurate commentary, opinion, actual fact, and prospects for the future are often hard to blindly accept. In actuality, as we find out more about the disease and the pandemic, our approach winds up being adjusted. What is the best approach changes daily.

All of this is to say that the PARTICULAR fact pattern upon which the court's ruling is based, that is as to these PARTICULAR plaintiffs, could well be different next week. We note that Immigration and Customs Enforcement ("ICE"), like other agencies modifies its approach to dealing with this virus as the target continues to move. This case is decided entirely on the record developed in this case. The case, therefore, has no precedential value as to any other detainee at any other time. Significantly, as well, the matter of the kind and extent of these detainees' potential underlying conditions were virtually conceded by the Respondents. Without any evidence to the

contrary on the risks, we cannot even surmise that these plaintiffs are not at risk for deleterious consequences if they contract the disease. Here too, the record binds us. But nothing decided in this case applies to any other detainee who might seek release based upon the situation existing at that time.

We also add that as to Pardeep Kumar and Suresh Kumar, we recognize that their danger to COVID-19 exposure was likely brought about by their own self-generated and self-imposed hunger strikes. ICE has done everything within its legal power to provide necessary nutrition, undoubtedly at great cost. While that is an emotional issue, it is not determinative when, in fact, their health is compromised.

Analysis

Despite Respondent's best efforts to convince this court that this case is a conditions of confinement case rather than a fact of confinement case, we find otherwise. While no similar cases have been considered within our district or by the Fifth Circuit Court of Appeals, numerous district courts throughout the country have had the opportunity to examine cases in which immigrant detainees seek release from ICE detention because of their susceptibility to contracting COVID-19. See Vazquez Barrera v. Wolf, 2020 WL 1904497, at *4 (S.D. Tex. Apr. 17, 2020); Bent v. Barr, 2020 WL 1812850 (N.D. Cal. Apr. 9, 2020); Juan E.M. v. Decker, 20 WL2214586 (D.N.J. May 7, 2020); Malam v. Adducci, 2020 WL1672662 (E.D. Mich. Apr. 6, 2020); Basank v. Decker, 2020 WL 1481503 (S.D.N.Y Mar. 26, 2020); Thakker v. Doll, 2020 WL 2025384 (M.D. Penn. Apr. 27, 2020). In each of these cases, the courts determined that detainees were attacking the fact of their confinement. Thus, the court examined the likelihood of success on the merits based on whether the civil confinement had become punitive and thus violated the 5th Amendment right to

due process. This is exactly the same course of action undertaken by the Magistrate Judge in rendering his Report and Recommendation.

Respondent also now seeks to prevent the release of those detainees housed at LaSalle Detention Center by providing the affidavit of Acting Assistant Field Office Director Matthew Reaves. (Doc. 22-1). Reaves states "[a]s of 4:30 p.m. on May 18, 2020 there are no known cases of ICE detainees as the LaSalle ICE Processing Center who are positive for COVID-19. In addition, there are no suspected COVID-19 cases." (Id.) As pointed out by Petitioners, this statement creates more questions than provides answers. Key among them is, why are there no longer any COVID-19 cases? Only nine days ago, ICE reported fifteen (15) LaSalle detainees and two (2) LaSalle staff members contracted COVID-19. https://www.ice.gov/coronavirus. As the virus runs a lengthy course, the court cannot help but wonder how LaSalle overcame the odds in such a quick span of time. We can only speculate that some of these detainees were moved to other facilities as it is well known that ICE has continued its operations and not followed the lead of the Bureau of Prisons and Louisiana Department of Corrections, both of whom have largely precluded the movement of their inmates.

Also absent from Mr. Reaves affidavit is any information about testing. Without regular testing, there is simply no way to confirm that a facility that once housed those with a highly infectious disease is now infection free. This is particularly true when there is no statement by Mr. Reaves as to how LaSalle addressed the Magistrate Judge's finding that CDC guidelines were not being followed. The Magistrate Judge found Dada's dorm was sanitized once a day, "detainees do not wear masks," detainees "sleep in bunk beds about a yard and a half apart," and "there is no hand sanitizer." (Doc. 17, p.31). He found that Del Bosque, Sampath-Grant, Flores de Saavedra, and Carrera lived "in dorm Falcon D with 80 detainees." (Id., p. 32, 34 and 36). The women in

Falcon D women slept "less than a foot apart", "masks gloves, and sanitizer were not available to detainees", there was a soap shortage and cleaning is conducted "once daily…by detainees without masks." (Id.). The Magistrate Judge also found both Suresh Kumar and Saleh's statements regarding the conditions at LaSalle to be credible: Kumar stated the medical staff did not wear masks when force-feeding him and Saleh said none of the guards or detainees had masks or gloves. (Id., p. 33). Without proof that these conditions have not been corrected, we will not undermine the Magistrate Judge's determination that these inmates should be released.

We also note that the Magistrate Judge's finding as to Pardeep Kumar also stands as his transfer to Florida does not divest us of jurisdiction. "The[e] objective [of habeas relief] may be in no way impaired or defeated by the removal of the prisoner from the territorial jurisdiction of the District Court. That end may be served and the decree of the court made effective if a respondent who has custody of the [petitioner] is within reach of the court's process." Ex Parte Endo, 323 U.S. 283, 307 (1944). See also, Lee v. Wetzel, 244 F.3d 370, 375 n.5 (5th Cir.2001); Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004). Here, Petitioners have named various respondents but two, Acting Director of U.S. Immigrations and Customs Enforcement Matthew T. Albous and Immigrations and Customs Enforcement itself who maintain custody over Pardeep Kumar and are within this court's jurisdiction.

With respect to Petitioners' argument that Aracelio Rodriguez and Sirous Asgari be granted injunctive relief, we decline to do so for Mr. Rodriguez. District courts throughout the country have not found a reason to release detainees where no outbreak has been found and the threat of infection in speculative. See United States v. Kerr, 2020 WL 1529180 (N.D. Tex. Mar. 31, 2020); Dawson v. Asher, 2020 WL 1304557 (W.D. Wash. Mar. 19, 2020); Sacal-Micha v. Longoria, 2020 WL 1518861 (S.D. Tex. Mar. 27, 2020); Xuyue Zhang v. Barr, 2020 WL 1502607, at *4 (C.D.

Cal. Mar. 27, 2020). As there has never been a confirmed case of COVID-19 at Jackson Parish Correctional Center, we agree with the Magistrate Judge that Mr. Rodriguez should not be released. As to Mr. Asgari, we find that he should be released as there is nothing in the record that the conditions at Winn Correctional Center have improved or that Mr. Asgari is immune from a subsequent infection of COVID-19. The same underlying conditions exist which warrant his release.

We will grant the request to stay the effect of the court's order as requested by the Respondent through Tuesday, May 26, 2020. Moreover, because of the importance of the issues in this case, the definiteness of the releases ordered here, and the unlikely need for a trial on a permanent injunction, this order and judgment is hereby determined to be final and appealable, all in accord with Fed. R. Civ. P. 62 and 28 U.S.C. §1292.

It is finally necessary to effect a compliance date for the release of these detainees. Respondent shall have 14 days from May 26, 2020 to effect the contemplated releases. A report of compliance as to each must be made in written filing with the court within 5 days after the expiration of those 14 days.

Accordingly, IT IS ORDERED, ADJUDGED, AND DECREED that the Petitioner's Motion for Temporary Restraining Order is GRANTED in the form and substance of a PRELIMINARY INJUNCTION requiring IMMEDIATE RELEASE of TALUTA HELEN DADA, GRISELDA DEL BOSQUE, SURESH KUMAR, PARDEEP KUMAR, NADIRA SAMPATH-GRANT, MATILDE FLORES DE SAAVERDRA, ROSABEL CARRERA, SONIA LEMUS TEJADA DEJASO, HASAN SALEH, ABRAHAM GEBREMEDHIN GEBREMICHAEL, RONALDO ALEX COLON, KARTHIKEYAN PONNUSAMY, DESMOND NKOBENEI, and SIROUS ASGARI pending resolution of their immigration

proceedings or removal and under CONDITIONS to be specified by DHS/ICE but to exclude subsequent arrest and detention, unless an identified Petitioner violates a condition of release, attempts to abscond, or commits any criminal offense. However, nothing in this judgment shall impede the progress of any otherwise lawful immigration-deportation proceeding.

IT IS FURTHER ORDERED that the Motion for Temporary Restraining Order and Preliminary Injunction is DENIED IN PART in all other respects, and as to all other Petitioners.

IT IS FURTHER ORDERED that the effect of this ORDER is stayed through May 26, 2020, and to the extent necessary, this ORDER AND JUDGMENT are determined to be final and appealable.

SIGNED at Alexandria, Louisiana, this 22nd day of May 2020.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT