UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **TATALU HELEN DADA ET AL** | **CASE NO. 1:20-CV-00458 SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **DIANNE WITTE, ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

RULING AND ORDER

Before the court is a "Motion to Extend Ruling" filed by petitioner Aracelio Rodriguez ("Rodriguez"). (Doc. 34). Rodriguez initially filed a Petition for Writ of Habeas Corpus seeking release from pretrial detention in light of the current pandemic. The petition was denied by the undersigned on May 22, 2020, as there were no cases of COVID-19 at the Jackson Parish Correctional Center. (Doc. 24). Rodriguez asks that the court reconsider its prior ruling as to him due to a change in circumstance at the facility where he is detained. Specifically, he argues there are active COVID-19 cases at Jackson Parish Correctional Center. Rodriguez further alleges he is 61 years of age and suffers from asthma.

The Government contends, without citing any authority in support, that Rodriguez's motion is improper as a final judgment has been rendered in this case. Accordingly, Rodriguez should have filed a successive writ of habeas corpus, not the instant motion. Rodriguez contends, without citing any authority in support, that the motion should be considered as a matter of judicial economy. We agree with the government that the ruling was a final judgment but also recognize that a movant may seek review of a final judgment pursuant to Fed.R.Civ.P. 60(b). However, nothing in Rodriguez's motion suggests he is seeking relief under Rule 60(b). It is the movant's

burden of proving that this court has jurisdiction over the matter.[1] As Rodriguez has failed to do so, we decline to entertain his motion.

Nevertheless, it is worth noting that Rodriguez's motion would likely be denied because of a lack of evidence. First, there is no medical evidence in the record supporting his assertion that he suffers from asthma. Second, two of the declarations upon which he relies are fatally flawed. The first is the declaration of Jeremy Jong, who identifies himself as counsel for Rodriguez despite the fact he is not enrolled in this case nor does his name appear in the rolls of the Louisiana Bar Association. Mr. Jong's declaration is filled with hearsay statements and lacks credibility. (Doc. 34-2). The second is the purported declaration of Mr. Rodriguez. (Doc. 40-1). It is purported, because the declaration is not signed by Rodriguez but by Mr. Jong.

Although, at the outset of the pandemic, this court was understanding of and willing to accommodate the obstacles counsel encountered meeting with clients, the courts, attorneys, detention facilities, and prisons have adjusted to this new normal. Accordingly, admissible evidence is no longer difficult to obtain.

In light of the foregoing, it is hereby

ORDERED that Rodriguez's "Motion to Extend Ruling" (Doc. 34) is DENIED.

THUS DONE AND SIGNED this 7th day of August 2020, at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] See generally Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).